DJW/byk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EARLENE L. MORA,

                 Plaintiff,

v.                                   Case No.  04-2477-JWL-DJW

CONRAD DOBLER,
et al.,

                 Defendants.

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents and/or For Sanctions Pursuant to Fed. R. Civ. P. 37(d) and 26(g) (doc. 54).  Plaintiff moves the Court for an order compelling Defendants Conrad Dobler and Superior Healthcare Staffing, Inc. to produce for inspection and copying all documents responsive to Plaintiff's First Request for Production to Defendants; to provide full and complete answers to Plaintiff Earlene Mora's First Interrogatories to Defendant Superior Healthcare Staffing, Inc.; and to provide full and complete answers to Plaintiff Earlene Mora's First Interrogatories to Defendant Conrad Dobler.  Plaintiff also requests that the Court impose sanctions upon Defendants based on their discovery violations.  As explained below, the Court will grant in part and deny in part the motion.

## I.      Relevant Background

Plaintiff served her First Request for Production to Defendants, First Interrogatories to Defendant Superior Healthcare Staffing, Inc., and First Interrogatories to Defendant Conrad Dobler on November 30, 2005.  On December 9, 2005, Defendants filed a consent motion for sixty-day

extensions of all deadlines, including the deadline to respond to Plaintiff's written discovery.  In support of their motion, Defendants stated that the extension was based upon the facts that Defendant Dobler would be undergoing a replacement of his right knee in December 2005 and expected an extensive rehabilitation of that replacement.  The motion further advised that Defendant Dobler is the primary care giver for his quadriplegic wife, and expects to have a difficult time operating his business, rehabilitating his replaced right knee and providing the care necessary for his wife.  Plaintiff agreed to the requested extensions and the Court granted Defendants a sixty-day extension of time to serve their responses to Plaintiff's discovery requests.[1]

On March 3, 2006, Defendants filed another Motion for Extension of Time to Answer Written Discovery Requests From the Plaintiff, requesting an additional thirty days to serve their answers to the written discovery propounded by Plaintiff.  In their motion, Defendants advised the Court that subsequent to his knee replacement surgery, Defendant Dobler had developed a virulent staph infection which resulted in his readmittance to the hospital and two additional surgeries.  He was later readmitted to the hospital with blood clots near his lungs and was expected to be discharged in early March.  The Court granted Defendants an extension to April 3, 2006 to serve their responses to Plaintiff's discovery requests.[2]  Defendants served their Responses to Plaintiff's First Request for Production of Documents and Answers to Interrogatories on April 3, 2006.[3]

Upon receiving Defendants' Responses and Answer, counsel for Plaintiff contacted Defendants' counsel in an attempt to confer to resolve the discovery issues without court action, as

---

[1]*See* Amended Scheduling Order (doc. 32).

[2]*See* Order (doc. 42).

[3]*See* Defendants' Certificate of Service (doc. 43).

2

required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2.[4]  Plaintiff filed the instant motion to compel on June 14, 2006.

## II.    Timeliness of Defendants' Response

As a preliminary matter, Plaintiff urges the Court to deem Defendants' response brief as untimely because it was not filed within the fourteen-day time period for filing responses to non-dispositive motions under D. Kan. Rule 6.1(d)(1).  Plaintiff filed the instant motion to compel on June 14, 2006.  Under D. Kan. Rule 6.1(d)(1), Defendants' response in opposition to the motion would have been due on June 28, 2006.  Defendants, however, failed to file their response until July 3, 2006, two business days or five calendar days late.  Plaintiff, while recognizing the fact that she received indulgences by the Court and Defendants' counsel with respect to the timing of the filing of the motion, urges the Court to deem Defendants' response as untimely and grant her motion as uncontested pursuant to D. Kan. Rule 7.4.

As the parties should be aware, the Court has been very accommodating of the parties' numerous requests for extensions of various case deadlines due to the health issues of Plaintiff and Defendant Dobler.  Plaintiff's request to deem Defendants' response as untimely, when Plaintiff failed to file her own motion timely, is not well taken.  Defendants shall be granted the same indulgence as to the untimely filing of their response as Plaintiff was granted with respect to the filing of her motion.  The Court will therefore deem Defendants' response as timely filed.

## III.    Plaintiff's Request for Order Compelling Discovery

---

[4]See Plaintiff's Certificate of Compliance with Duty to Confer (doc. 55).

Plaintiff's motion seeks to compel Defendants to produce documents responsive to her First Request for Production and to serve full and complete answers to her First Interrogatories to Defendant Superior Healthcare and First Interrogatories to Defendant Dobler.

In their response to the motion, Defendants state they will supply information requested in Plaintiff's Request for Production Nos. 1 - 48. Defendants further ask the Court for the opportunity to more fully answer the interrogatories to address some of Plaintiff's concerns. Defendants further state that they believe a number of the documents that are requested can be and will be produced, and the answers to the interrogatories as required will be provided assuming Defendant Dobler's availability.

As Defendants do not reassert any objections to Plaintiff's discovery requests and have indicated that they agree to provide the information requested, the Court will grant Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents. **No later than November 13, 2006**, Defendants shall produce for inspection and copying all documents responsive to Plaintiff's First Request for Production to Defendants and shall serve full and complete answers to Plaintiff's First Interrogatories to Defendant Superior Healthcare Staffing, Inc. and Plaintiff's First Interrogatories to Defendant Conrad Dobler.

## IV.    Plaintiff's Request for Discovery Sanctions

Plaintiff also requests that the Court impose sanctions upon Defendants in the form of the reasonable expenses incurred by Plaintiff because of Defendants' discovery violations.

Defendants oppose Plaintiff's requests for sanctions and ask the Court to not award any attorney's fees or sanctions, but rather to set a date certain for them to comply with the requested discovery. They submit that the ongoing physical health issues and problems experienced by

Defendant Dobler constitute excusable neglect.  They remind the Court that since this action was commenced, Defendant Dobler has been hospitalized on at least five separate occasions.  They further state that Defendant Dobler and is wife are the sole owners and shareholders of Defendant Superior Healthcare Staffing, Inc. and that because of Defendant Dobler's illnesses and absence from the office, the administrative staff has been reduced to two individuals.

In her reply, Plaintiff strenuously argues that Defendants should be sanctioned for their attempt to cloak their sanctionable discovery behavior behind the pall of the continued illness of Defendant Dobler.  She requests that sanctions be imposed against Defendants for their clear discovery abuses in this case in the form of an order refusing to allow Defendants to oppose any claims of  Plaintiff pursuant to Fed. R. Civ. P. 11, 37(d), 37(b)(2)(B), and 26(g).  She further requests that the Court award her attorney's fees and expenses incurred in pursuing discovery in this case, jointly and severally, against Defendants and defense counsel pursuant to Fed. R. Civ. P. 37(b)(2), 26(g), and/or 28 U.S.C. § 1927.  She alternatively requests an award of her attorneys' fees and expenses incurred in pursuing discovery in this case pursuant to Fed. R. Civ. P. 37(a)(4)(A).

In this case, the Court finds that Defendant Dobler has experienced an ongoing series of serious health issues that have prevented him from assisting his counsel in the preparation of interrogatory answers and production of documents responsive to Plaintiff's written discovery requests.  The Court finds these circumstances would make an award of Plaintiffs' attorney's fees and expenses unjust.  The Court further finds that these circumstances make Plaintiff's request for other sanctions to be unwarranted.  Plaintiff's requests for sanctions and/or reasonable expenses pursuant to Fed. R. Civ. P. 11, 26(g), 37(a)(4)(A), 37(b)(2)(B), 37(d), and/or 28 U.S.C. § 1927 are denied.

5

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents and/or For Sanctions Pursuant to Fed. R. Civ. P. 37(d) and 26(g) (doc. 54) is granted in part and denied in part.   **No later than November 13, 2006**, Defendants shall produce for inspection and copying all documents responsive to Plaintiff's First Request for Production to Defendants and shall serve full and complete answers to Plaintiff's First Interrogatories to Defendant Superior Healthcare Staffing, Inc. and Plaintiff's First Interrogatories to Defendant Conrad Dobler.  Plaintiff's requests for sanctions and/or reasonable expenses pursuant to Fed. R. Civ. P. 11, 26(g), 37(a)(4)(A), 37(b)(2)(B), 37(d), and/or 28 U.S.C. § 1927 are denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of October 2006.


s/ David J. Waxse_____
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel and *pro se* parties